United States District Court
Southern District of Illinois

Richie Louis Krase,

   Petitioner

v.

Warden Eric Williams,

   Respondent

23-365-NJR

28 U.S.C § 2241

COMES NOW, Richie Louis Krase, Pro Se, and without the assistance of counsel to give this honorable Court this MOTION For Jail back time. § 2241, where the Bureau of Prisons either improperly calculated the court ordered presentence credit or failed to grant him the court ordered presentence credit.

### Background

Krase was sentenced on May 25, 2018, on federal drug charges to a term of 250 months, which was to run concurrent to Krause's sentence in Case No. 1148 2364 in Tarrant County, Texas. See, Exhibit # 1. This case had already been deemed to be relevant conduct. See, Exhibit # 2, p. 12, lines 10-12. In fact, the federal judge specifically stated in the Sentencing Transcript [Exhibit # 3, p. 13, lines 9-12] that the federal sentence should run concurrently to the state sentence already being served.

However, the BOP has only given Krase 3 months of the

1 of 3

twenty-six (26) months. He should have coming [Exhibit #3] granting him credit from only 12/1/16 - 2/24/17, and nothing past then Krase filed through the Administrative Remedy Process [Exhibit #4] where the BOP claims Krase is not entitled to the additional time back credit because it was credited to his Texas state sentence. [third paragraph of Regional Administrative Remedy Appeal, dated 3/17/22, where the Regional Director says this would be contrary to BOP Policy] This is a blatant disregard of the federal judge's order and should be corrected.

## Jurisdiction

This Honorable Court has jurisdiction over this as Krase is currently confined at Federal Correctional Institution in Greenville, Illinois, and the issue to be resolved is one of the improper administration of Krase's sentence. This issue should be simple: the federal judge ORDERED Krase's sentence to run concurrent with his Texas sentence and the local prison officials at FCI-Greenville refuse to do that because they say it is contrary to BOP policy. Since when does the BOP have the authority to overrule a federal judge?

## CONCLUSION

All Petitioner Krase wants is for his federal 250 month sentence to run concurrent with his Texas sentence and to receive the additional time credit of 23+ months, as ordered by the Federal Judge for the Northern District of Texas. The BOP does not have the right to overturn the judge in this instance.

2 of 3

THEREFORE, for all the above reasons and those stated in the § 2241 petition, Krase Moves this Honorable Court to order FCI-Greenville to Give Him His Additional Time Credited Towards His Sentence.

Respectfully submitted this 31 day of January, 2023

*Richie Louis Krase*
Richie Louis Krase, ProSe
Reg. No. 56022-177
FCI-Greenville
PO Box 5000
Greenville, IL 62246

Certificate of Service

I hereby certify, under the penalty of perjury, that I sent a true and correct copy of the above, in the United States Mail, First Class postage prepaid, addressed to   Warden Eric Williams
P.O. Box 4000
Greenville, IL 62246

on this 31 day of January, 2023

*Richie Louis Krase*
Richie Louis Krase, ProSe

3 of 3

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number:** 1108703-R1

---

This is in response to your Regional Administrative Remedy Appeal received in this office on March 2, 2022, in which you claim the Bureau of Prisons (BOP) did not award you the correct amount of presentence credit. Specifically, you claim presentence credit should be awarded to your federal sentence totaling 26 months. For relief, you are requesting for presentence credit to be awarded towards your federal sentence.

We have reviewed your appeal and the Warden's response dated February 8, 2022. Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, states, "Ordinarily, if a state sentence is imposed, either before or after the time that the federal sentence commences, it is presumed that the state has awarded, or will award, presentence time off the state sentence for time spent in state custody in connection with the state offense." Per 18 U.S.C. § 3585(b), "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The Judgment rendered in Case No. 4:17-CR-198-A(07) on May 25, 2018, indicates a 250 month term of imprisonment to run concurrently with the term of imprisonment in Case No. 1482364 in Criminal District Court No. 3 of Tarrant County. On the federal sentencing date, you were primary custody of the state of Texas, specifically serving a seven-year sentence pertaining to Case No.1482364 in the Texas Department of Criminal Justice. Additionally, your 250-month term of imprisonment commenced on the date of imposition.

The presentence credit you request was credited towards your state sentence, as you were borrowed by the United States Marshal's Service (USMS) Northern District of Texas via Writ of Habeas Corpus Ad Prosequendum. You completed the state sentence on March 14, 2019, as you were relinquished to a USMS detainer. The credit you request to be awarded to your federal sentence was credited towards the Texas state sentence. This double credit would be contrary to the statute 18 U.S.C. § 3585(b), if credited towards your federal sentence. Your sentence computation has been calculated in accordance with all applicable federal statutes and Bureau of Prisons' policy.

Based on the above information, your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_3/17/22_
Date

_Andre Matevousian, Regional Director_

U.S. DEPARTMENT OF JUSTICE
REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Kruse, Ritchie    L    56033177    4-B    Greenville F.C.I
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A – INMATE REQUEST**

This Grievance is for my Jail Back time 145 IN my court manuscript that my State case is Relavent conduct and I had 26 months Don at the time of Sentencing they gave me 3 months of back time For a different Dope case that was relavent conduct so why wouldnt I get Back time For the this Dope case I was in the state when I got Federally Indicted look on my time sheet Do Yu see that 10-7-2014 to 1-22-2015 3months I got my back time For this Dope case thats Not even right Please give me all my Back time case thats Not even right Please give me all my Back time Thank you!

1-25-22                                   Ritchie Kruse
DATE                                      SIGNATURE OF REQUESTER

**Part B – RESPONSE**

_____                        _____
DATE                                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                          CASE NUMBER: _____

**Part C – RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                        _____
DATE                                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982                                                            USP LVN

**FEDERAL CORRECTIONAL INSTITUTION**
**GREENVILLE, ILLINOIS**

**PART B- RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1108703-F1**

This is in response to your Request for Administrative Remedy #1108703-F1, received in the Warden's Office on January 31, 2022, wherein you requested the Bureau of Prisons award additional jail credit toward your sentence computation.

A review of this matter revealed you were sentenced in the United States District Court for the Northern District of Texas on May 25, 2018, to a 250-month term of imprisonment for Conspiracy to Possess with Intent to Distribute a Controlled Substance under Docket No. 4:17-CR-198-A(07) and your federal sentence computation began on that same date. The federal sentence was ordered to run concurrent with the term of imprisonment imposed by the State of Texas on February 23, 2017, for Possession of Controlled Substance in Cause No. 1482364R. Additionally, 194 days of jail credit has been applied to your federal sentence computation to include 84 days of Willis Credit.

Your request is precluded pursuant to Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) and Title 18 United States Code 3585(b). Your federal sentence computation was certified by the Designation and Sentence Computation Center on May 20, 2019. The Bureau of Prisons has computed your sentence in accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and all applicable statues.

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, North Central Regional Office, 400 State Avenue, Tower II, 8th Floor, Kansas City, Kansas 66101. Your appeal must be received in the North Central Regional Office within 20 days of the date of this response.

_____
E. Williams, Warden

2/8/2022
_____
Date

```
RICHIE LOUIS KRASE, 56022-177
GREENVILLE FCI    UNT: H4    QTR: D05-105U
P.O. BOX 4000
GREENVILLE,  IL 62246
```

2.15.22
3:18 pm

4B-105

RECEIPT - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 1, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      GREENVILLE FCI

TO  : RICHIE LOUIS KRASE, 56022-177
      GREENVILLE FCI    UNT: H4    QTR: D05-105U

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 1108703-F1
DATE RECEIVED  : JANUARY 31, 2022
RESPONSE DUE   : FEBRUARY 20, 2022
SUBJECT 1      : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2      :

2·2·22
3:17pm

RICHIE LOUIS KRASE, 56022-177
GREENVILLE FCI     UNT: H4     QTR: D05-105U
P.O. BOX 4000
GREENVILLE,  IL 62246

4.8.22
11:07am

DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, Administrative Remedy Program, (January 6, 2014), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | Reg No |
|---|---|
| Krase, Richie | 56022-177 |

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred (If related to UDC appeal, specify relevant section of Inmate Discipline Policy.)

When I got Sentenced in the Feds, I came From the State, my State case was relevant Conduct And I had 26 months when I got Sentenced Its in my court transcript I Should have been Credited that time But I was Not Please help I am 53 Years old with a 20 year Sentence I need all my Back time

2. Briefly state the action you request to resolve your complaint.

Would like to have all my Jail credit time I had 26 months when I got Sentenced in the Feds

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint.

I talk to R3d and they tried to say I got all my time but even my time Sheet is all chop up they have given me 3 months on another Dope case that got Droped But No time on this case

4. GIVE THIS COMPLETED FORM TO YOUR COUNSELOR FOR RESPONSE

5. Summary of investigation: Your concurrency could not begin until you had a Federal sentence. You were sentenced on 5-25-19 at which point your federal sentence began to run concurrent to your state sentence. Any jail credit that was given was only applicable due to it not being credited to any other charge/case.

6. What actions were taken to resolves this matter informally:

Contacted Records

7. Explain reasons for no resolution:

Could not Resolve at this level.

| Date & Time Issued: 12/23/21 3:00pm | Unit Team Member: L Barth |
|---|---|
| Date & Time Returned: 12/29/21 | Unit Team Member: Barth |
| Date & Time Investigation Completed and BP-9 issued: | |
| Unit Manager Signature: | |

On _____, this issue was informally resolved.

Inmate Signature _____ Date _____

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.
(2) If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.

GRE-1330.18B                                5-26-16

Case 4:17-cr-00198-A  Document 268  Filed 05/25/18    Page 1 of 3   PageID 1006



EXHIBIT # 10

## United States District Court
### Northern District of Texas
### Fort Worth Division

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| v. | § | Case Number: 4:17-CR-198-A(07) |
| RICHIE LOUIS KRASE, a/k/a "Krazy Kraze", a/k/a "Sean Haas" | § | |

### JUDGMENT IN A CRIMINAL CASE

The government was represented by Assistant United States Attorney Shawn Smith. The defendant, RICHIE LOUIS KRASE, a/k/a "Krazy Kraze", a/k/a "Sean Haas", was represented by Michael Ray Harris.

The defendant pleaded guilty on November 1, 2017 to the one count superseding information filed on October 25, 2017. Accordingly, the court ORDERS that the defendant be, and is hereby, adjudged guilty of such count involving the following offense:

| Title & Section / Nature of Offense | Date Offense Concluded | Count |
| --- | --- | --- |
| 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(B))<br>Conspiracy to Possess with Intent to Distribute a Controlled Substance | 12/2016 | 1 |

On motion of the United States, the court ORDERS as to this defendant that the indictment filed September 20, 2017, be, and is hereby, dismissed.

As pronounced and imposed on May 25, 2018, the defendant is sentenced as provided in this judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $100.00.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

### IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 250 months. This sentence shall run concurrently with the defendant's term of imprisonment in Case No. 1482364 in Criminal District Court No. 3 of Tarrant County.

1

18-10639.61

```
 1            THE COURT:  On page 20?
 2            PROBATION:  Yes, sir.
 3            THE COURT:  Let me ask you this, Mr. Smith:  Do you
 4   consider that to be relevant conduct?
 5            MR. SMITH:  I believe so, Your Honor.  I believe the
 6   probation -- the PSR scored it as such and did not give him
 7   any criminal history points for that.
 8            THE COURT:  Well, paragraph 56 says the details can
 9   be found in the offense conduct section of the report.
10            Okay.  I'm going to consider that to be relevant
11   conduct, and, therefore, the sentence in this case will run
12   concurrently with that sentence.
13            I'm going to impose a sentence in this case that's
14   below the middle of the guideline range.  I believe it would
15   be considered to be below it.  I'm going to impose a sentence
16   of imprisonment of 250 months.  That's lower than the top 293
17   and a little higher than the bottom 235, and I'm going to make
18   that concurrent with that state sentence that we just talked
19   about, Case Number 1482364, a conviction in the Criminal
20   District Court Number 3 of Tarrant County, Fort Worth, Texas.
21            And then all of that would be combined with a term
22   of supervised release of 4 years to start once the defendant's
23   completed service of his sentence of imprisonment and an
24   obligation to pay a fine of $100.  That's payable immediately
25   to the United States of America through the office of the
```

EXHIBIT #3

```
 1   clerk of court here in Fort Worth.
 2              I'm satisfied that a sentence of the kind I've
 3   described is one that does adequately and appropriately
 4   address all the factors the Court should consider in
 5   sentencing under 18 United States Code Section 3553(a).
 6              So the Court's ordering and adjudging that the
 7   defendant be committed to the custody of the Bureau of Prisons
 8   to serve a term of imprisonment of 250 months.
 9              The Court further orders that the defendant serve a
10   term of supervised release of -- and that will run
11   concurrently with that state court sentence that I've already
12   mentioned.
13              I'm also ordering that the defendant serve a term of
14   supervised release of 4 years that will start once he's
15   completed his sentence of imprisonment.
16              The conditions of that supervised release will be
17   the standard conditions that will be set forth in the judgment
18   of conviction and sentence, and the following additional
19   conditions:
20              The defendant shall not commit another federal,
21   state, or local crime.
22              The defendant shall not unlawfully possess a
23   controlled substance.
24              The defendant shall cooperate in the collection of
25   DNA as directed by the probation officer as authorized by the
```

REGNO..: 56022-177 NAME: KRASE, RICHIE LOUIS

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-16-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-20-2019 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 05-25-2018
TOTAL TERM IN EFFECT............:   250 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    20 YEARS      10 MONTHS
EARLIEST DATE OF OFFENSE........: 12-01-2016

JAIL CREDIT.....................:    FROM DATE    THRU DATE
                                     10-02-2014   10-03-2014  ← Dont Know what this is for.
                                     10-07-2014   01-22-2015  ← A dope case that got Dismissed.
                                     12-01-2016   02-22-2017  ← Tarrant County Jail
                                                                under my alias Sean Haas
                                                                0309963 CID#
TOTAL PRIOR CREDIT TIME.........: 194
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1110
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 08-28-2035
ELDERLY OFFENDER TWO THIRDS DATE: 10-02-2031
EXPIRATION FULL TERM DATE.......: 09-11-2038
TIME SERVED.....................:     3 YEARS      3 MONTHS      14 DAYS
PERCENTAGE OF FULL TERM SERVED..: 15.7
PERCENT OF STATUTORY TERM SERVED: 18.4

PROJECTED SATISFACTION DATE.....: 08-28-2035
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: FSA GCT UPDATE 04-20-2020 4/CLW. 12-16-20 GCT K/LMS.


G0000         TRANSACTION SUCCESSFULLY COMPLETED

56022-177
Richie Krase
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246
United States



U.S. POSTAGE PAID
FCM LG ENV
GREENVILLE, IL
62246
FEB 01, 23
AMOUNT
$0.00
R2305E126239-9

RDC 99   62201

Legal mail!

MAIL CLEARED
US MARSHALS

CleRK
UNITED STateS District Court
750 miSSOURi AVE
EAST. St. LOUIS, ILLINOIS
62201

FEDERAL BUREAU OF PRISONS
POST OFFICE BOX 4000
GREENVILLE, IL 62246

The enclosed letter was processed on 2/1/23 through special mailing procedures. The letter has neither been opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information

RECEIVED FEB 0 3 2023 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS EAST ST. LOUIS OFFICE