IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHIE LOUIS KRASE,

      Petitioner,

v.

ACTING WARDEN OF FCI
GREENVILLE,

      Respondent.

Case No. 3:23-cv-00365-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Richie Louis Krase filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the computation of the prison credit allocated towards his federal sentence. (Doc. 1). For the reasons set forth below, Krase's petition is denied.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Krase is a federal inmate currently residing at FCI Oakdale in Oakdale, Louisiana. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on Feb. 9, 2026). At the time he filed his petition, Krase was housed at FCI Greenville, which is located within the Southern District of Illinois. Respondent does not contest this Court's jurisdiction to adjudicate the petition. (Doc. 14).

The facts of Krase's case are somewhat complex. He is serving a 250-month sentence imposed by the United States District Court for the Northern District of Texas. (Doc. 1); *United States v. Roddam et al*, No. 4:17-cr-00198-P-7 ("Criminal Case"). His projected release date is July 30, 2034.

On October 2, 2014, Krase was arrested in Tarrant County, Texas, on state-level controlled substance charges (Case No. 1387306). (Doc. 14-1 p. 3). He was held in state custody until January 22, 2015, but the charge was later dismissed. Krase was again arrested in Tarrant County for multiple controlled substance offenses (Case Nos. 1411987 and 1482364) and was in state custody from April 22, 2015, until December 14, 2015. (*Id.*). On November 5, 2016, while out on bond from the pending state cases, Krase was arrested on yet another state-level controlled substance charge. (*Id.*). Ultimately, the Texas authorities elected to proceed only on Case No. 1482364. On February 23, 2017, Krase was sentenced to a seven-year term, with credit for the period he was in custody from April 2015 to December 2015 and for the period between November 2016 and his February 2017 sentencing. (*Id.*).

On July 18, 2017, Krase was charged federally for conspiracy to possess with intent to distribute a controlled substance. (*Id.*) He was in federal custody under the auspices of the United States Marshals Service (USMS) from August 18, 2017, to June 25, 2018, pursuant to a writ of habeas corpus *ad prosequendum*. (*Id.*). The Honorable John H. McBryde sentenced Krase to a 250-month term of incarceration on May 25, 2018. (*Id.*; Criminal Case, Doc. 268). Judge McBryde specified that the sentence was to run concurrent to his state sentence in Case No. 1482364. Krase thereafter remained in state custody until he was paroled to federal custody on March 14, 2019. (Doc. 14-1 p. 4).

According to Respondent, Krase's federal sentence began on May 25, 2018, the day he was sentenced. He received credit for a total of 223 days, including (1) the period between October 2, 2014, and January 22, 2015, which was time he was in custody for the

state charge that later was dismissed, and (2) the period between November 5, 2017, and February 22, 2017, under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

Krase filed a grievance with prison administrators related to the BOP's computation of his sentence on January 21, 2022. (Doc. 14-2 p. 5). His grievance was denied on February 9, 2022. He appealed his denial to the BOP's North Central Regional Office on March 2, 2022, and the appeal was denied on March 17, 2022. (*Id.*). The BOP does not have a record of any further appeal of that decision by Krase. (*Id.*).

On February 3, 2023, Krase filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this district court. (Doc. 1). The Court directed the Respondent to answer the Petition, and Krase filed a reply.

## DISCUSSION

Krase alleges that the BOP's calculation of his sentence does not properly account for Judge McBryde's order that his federal sentence was to run concurrent to his state sentence. As an initial matter, Krase properly raised this challenge under 28 U.S.C. § 2241. A petition under that section is the appropriate means to contest the BOP's calculation of the date on which a prisoner must be released. *Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021); 28 U.S.C. § 2241. Respondent, for his part, maintains that Krase failed to properly exhaust his concern through the BOP's internal processes and that his claim is meritless in any event.

Although § 2241 does not contain an express exhaustion requirement, the Seventh Circuit has held that such petitions are subject to a common-law exhaustion rule. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *see also Vieth v. Williams*, No. 21-170,

2021 WL 5177567, at *3 (S.D. Ill. Nov. 8, 2021) (citing *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)) (listing the exceptions to the exhaustion requirement). "Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief." *Beam v. Sproul*, No. 24-02255, 2025 WL 1359903, at *1 (S.D. Ill. Apr. 10, 2025) (citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)). Where a petitioner complains that errors have been made with respect to BOP policies and calculations, "it is the BOP that must be given the first opportunity to correct any such errors." *Id.*

To exhaust administrative remedies, a federal prisoner must first file an informal complaint with institution staff. *See* 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. *See* 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. *See* 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the BOP's Office of General Counsel within 30 days. *Id.* The process is complete once an inmate receives a response from the General Counsel or the time for doing so has lapsed. *See Id.* § 542.18.

Respondent avers that Krase has only partially exhausted his claim by pursuing review only at the facility and regional levels without further appealing to the BOP's Office of General Counsel. Krase does not cogently respond to this point in his reply brief, nor does he attach any documentation attesting to his efforts to further exhaust his

petition. His petition therefore may be dismissed for that reason alone. *See United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019). Regardless, Krase's claim fails on the merits for the reasons Respondent explains in his brief.

Krase believes that he is entitled to credit for the time between April 2015 and December 2015, when he was in state custody. As he sees it, Judge McBryde ordered his federal sentence to run concurrent with his state sentence, so any period credited to his state sentence should also be credited to his federal sentence. Unfortunately for Krase, it is not that simple.

An inmate's federal sentence commences once the federal government exercises primary jurisdiction over him. *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018); *see also* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody . . . ."). A federal court may order that its sentence run concurrent to a state sentence, *see* 18 U.S.C. § 3584(a), but the sentence only is concurrent from the date the federal sentence is imposed. *See Grigsby v. Bledsoe*, 223 F. App'x 486, 489 (7th Cir. 2007). That is because an inmate is only entitled to credit for time in custody "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Krase seeks credit for the period he was in state custody between April and December 2015. (Doc. 17 p. 6). But the BOP could not have given him credit for that time because the state already credited that time when imposing its sentence. (Doc. 14-1 pp. 4, 19). Respondent's records make clear that Krase's federal sentence began on May 25, 2018, while he still was serving his state sentence, and he was properly was credited for time he was detained between October 2014 and January 2015, because that time was not

credited towards his state sentence, and for the period between November 2016 and February 2017 under *Willis*. *See Grigsby*, F. App'x at 488 (explaining that the BOP administers the so-called *Willis* credits under Program Statement 5880.28(2)(c), which provides that if a prisoner's federal and state sentences are concurrent, and the federal sentence is to run longer than the state sentence (not counting any credits), "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal."). The Court finds that the BOP did not err in calculating Krase's federal sentence and appropriately considered which credits applied.

## Conclusion

For these reasons, Petitioner Richie Krase's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  February 10, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**